NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ, | No.    15-71195 |
| Petitioner, | Agency No. A201-176-902 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Jose Garcia Rodriguez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate Garcia Rodriguez's statutory right to counsel or due process rights in denying a two-month continuance to allow counsel to discuss voluntary departure with him, where he had been granted a seven-month continuance to prepare applications for relief and counsel opted not to take the one-week continuance offered. *See* 8 C.F.R. § 1003.29; *Ahmed,* 569 F.3d at 1012 (listing factors to consider when reviewing the denial of a continuance); *cf. Mendoza-Mazariegos v. Mukasey,* 509 F.3d 1074, 1084 (9th Cir. 2007) (statutory right to counsel violated where IJ did not take reasonable steps to ensure the right was honored); *Baires v. INS,* 856 F.2d 89, 92-93 (9th Cir. 1988) (denial of continuance violated procedural rights where counsel had only "a few days" to consult with alien prior to the hearing and alien had only recently been released from detention).

We lack jurisdiction to consider Garcia Rodriguez's unexhausted contentions that the IJ did not warn him all applications for relief had to be filed by the November 2013 hearing, that the IJ never questioned him about any fear of returning to Mexico, that the attorney who appeared on his behalf at the November

2013 hearing was a different attorney than the attorney who appeared at his April 2013 hearing, and that he does not speak English and lacks understanding of immigration law. 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**